UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA PITTS,

     *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,

     *Defendant*.

_____/

CASE NO. 19-11392
DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS (ECF No. 13) and
PLAINTIFF'S MOTION TO CLARIFY COMPLAINT (ECF No. 14) and
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

## I. RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss for lack of subject matter jurisdiction (ECF No. 6) be **GRANTED** and that Plaintiff's motions (ECF Nos. 14, and 15) be **DENIED**.

## II. REPORT

### A. Introduction

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits. In lieu of filing an answer to the complaint, Defendant Commissioner filed a motion to dismiss based on lack of subject matter jurisdiction because of Plaintiff's failure to exhaust administrative remedies. (ECF No. 13.) In

1

addition, Plaintiff filed several motions. (ECF Nos. 14, 15.) The Court has reviewed all of the motion and their responses. (ECF Nos. 13, 14, 15, 16, 18.)

### B. Analysis

The "general rule that parties exhaust administrative remedies before seeking relief from the federal courts" is well established. *McCarthy v. Madigan*, 503 U.S.140, 144-45, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Statutory law governing social security cases provides that:

> Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days . . . .

42 U.S.C. § 405(g) (emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . ." Thus, Congress has clearly stated that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977):

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

*Sanders*, 430 U.S. at 109. Therefore, "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). Mere incantation of the Constitution is insufficient to raise a constitutional issue. As explained by the Sixth Circuit in *Ingram v. Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to reopen previously adjudicated claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added). In the instant case, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement.

42 U.S.C. § 405(g) authorizes judicial review only after a plaintiff has exhausted administrative remedies. The regulations delineate a four-step administrative review process that must be followed before a decision will be considered final and subject to judicial review: (1) an initial decision; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review by the Appeal Council. 20 C.F.R. § 416.1400(a)(5). Therefore, a final decision is reached only after a plaintiff receives either a decision by the Appeals Council or a notice from the Appeals Council that it is denying the request for review. 20 C.F.R. §§ 416.1400(a), 416.1481, 422.210. Without a final decision, the court does not have subject matter jurisdiction to review

the matters asserted in the complaint. *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012).

In the instant case, Defendant has provided a Declaration of Huwaida Hasan, District Manager of the Grand River Social Security Office in Detroit, Michigan, that is supported by numerous exhibits. (ECF No. 13, PageID.59, 62-83.) Ms. Hasan indicates that she has reviewed the records relating to Plaintiff which showed that Plaintiff's application for SSI dated December 7, 2017, was reviewed and it was determined that Plaintiff was medically approved for benefits. In order to determine her financial eligibility, the agency requested additional information by May 23, 2018. Plaintiff refused to provide the necessary information protesting that such information is personal. (ECF No.13, PageID.60; Ex. C.) Defendant then sent Plaintiff multiple notices from May 31, 2018 through June 7, 2018, denying her application due to her failure to provide the needed information. Each of the notices provided Plaintiff with instructions on how to appeal the agency's determination. (*Id.*; Ex. D.) Plaintiff never filed any appeal or motion for reconsideration or the like. (*Id.*)

Plaintiff has not exhausted her administrative remedies and has not obtained a decision subject to judicial review. Accordingly, I recommend the complaint be dismissed.

Plaintiff's motion to clarify (ECF No. 14) cites summaries of HIPAA and the ADA but none of these citations presents any constitutional provision exempting Plaintiff from exhausting her remedies. Plaintiff's motion for summary judgment is moot in light of the above analysis and must also be denied. (ECF No. 15.)

### C. Conclusion

I therefore recommend that Defendant's motion to dismiss be granted and the case be dismissed. I further recommend that Plaintiff's motions to clarify and for summary judgment be denied. (ECF Nos. 14, 15.)

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ.

5

P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 17, 2020                                  S/ PATRICIA T. MORRIS
                                                        Patricia T. Morris
                                                        United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Donna Pitts at 14900 Southfield, Detroit, MI 48223.

Date: January 17, 2020                                  By s/Kristen Castaneda
                                                        Case Manager